FEE PAID

Yael Lerman, Esq.(California Bar # 281311)
ylmazar@gmail.com
6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

```
FILED
CLERK, U.S. DISTRICT COURT

DEC 7 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___EEE___ DEPUTY
```

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

2:22-CV-08928-DMG(PVCx)

United States ex rel. GNGH2 Inc.

    Plaintiff,

  vs.

SNS DINER LLC; SB DINER LLC; and PBS FOODS, LLC,

    Defendant(s)

Case No.:. _____

COMPLAINT UNDER THE FALSE CLAIMS ACT

Plaintiff-Relator, complaining of the Defendants by its attorney respectfully sets forth and alleges as follows:

**I.  Nature of the Case**

1.   This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained disaster relief under the Restaurant Revitalization Act means of fraudulent certifications of eligibility.

**II.   Parties**

2.   Plaintiff-Relator GNGH2 is a New Jersey corporation.

3. Defendants SNS Diner LLC; SB Diner LLC; and PBS Foods, LLC ("Defendants") are all California Limited Liability corporations with principal places of business in the State of California, County of Los Angeles.

4. Defendants operate a number of restaurants primarily in California.

**III     Jurisdiction and Venue**

5. This Court has Federal Question jurisdiction over this matter in that Relator asserts claims under the False Claims Act, a federal statute.

6. This Court has personal jurisdiction over the Defendants in that personal jurisdiction under the False Claims Act is based on the Defendants' contacts with the United States as a whole. In this case, the Defendants are located in the United States and in any event this matter arises from the Defendants' application for and receipt of a federal grant.

7. This matter is venued in the Central District of California based on the principal place of business of the Defendants, namely 4917 Genesta Ave, Encino, CA 91316/

**V.     Background**

8. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

9. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the Restaurant Act of 2021 ("RRA") which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted as a result of the above-described hysteria.

11. The Defendants applied for and received relief under the RRA as follows:

| Defendant | Franchise | Date | Amount |
|---|---|---|---|
| SNS Diner LLC | Black Bear Diner | 5/21/21 | $2,811,186.75 |
| SB Diner LLC | Black Bear Diner | 5/21/21 | $915,673.67 |
| PBS Foods LLC | Panera Bread | 5/22/21 | $5,232,302 |
| Total: | | | $8,959,162.42 |

12. The Defendants were too large in terms of it operations to qualify for such relief and fraudulently certified as to their eligibility.

**VI.   (Count I)  Violation of the False Claims Act**

13. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

14. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.   Relief Sought**

16. On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17.     The Defendant received at least approximately $8,959,162.42 in disaster relief as a result of the certifications set forth above.

18.     Accordingly, Relator seeks judgment in the amount of $26,877,487.26 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

*/s/ Yael Lerman*

Yael Lerman, Attorney for Relator
GNGH2 Inc.

6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

Dated: Los Angeles, CA
       December 5, 2022

Complaint - 4